IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMONTRAY WARD, | : | Civil No. 1:20-CV-615 |
| | : | |
| Plaintiff, | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| DR. ENIGK, *et al.* | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM AND ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case involves federal constitutional claims brought by an inmate, Demontray Ward, who alleges that he was denied adequate mental health treatment and subjected to cruel and unusual punishment as retaliation for a suicide attempt while he was incarcerated at the United States Penitentiary at Lewisburg in January of 2019. (Doc. 1). Ward initially sued five correctional defendants in this lawsuit asserting First and Eighth Amendment constitutional claims under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). The defendants then filed a motion to dismiss the complaint, arguing that it fails to state a claim against four of the defendants, and a motion for summary judgment as to the one defendant, Dr, Enigk, arguing that she was entitled to statutory immunity. (Doc. 29).

1

Upon consideration, we recommended the defendants' motion for summary judgment as to Dr. Enigk be granted, that the defendants' motion to dismiss be granted as to Ward's First Amendment retaliation claims but denied as to the Eighth Amendment claims without prejudice to renewal, in the form of a motion for summary judgment, on a more fulsome factual record. (Doc. 45). The district court adopted this recommendation, in part, remanded the case to us for further proceedings, and we entered a case management order setting a discovery schedule and timetable for the filing of dispositive motions. (Docs. 65, 66, 68).

The plaintiff has now filed a pleading styled as a motion for dispositive ruling. (Docs. 77, 78). The caption of this motion is something of a misnomer since it appears that Ward is not seeking a dispositive ruling in his favor. Rather, it appears that he is seeking to preemptively foreclose the defendants from filing a summary judgment motion in this case since Ward simply argues that the defendant's conduct is "in dispute" and the case should be set for trial. (Id. at 2).

Construed in this fashion Ward's motion, (Doc. 77), is DENIED without prejudice as premature. Rule 56 of the Federal Rules of Civil Procedure, which provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Through summary adjudication, a court is empowered to dispose of those claims that do not present a "genuine dispute as to

any material fact," Fed. R. Civ. P. 56(a), and for which a trial would be "an empty and unnecessary formality." <u>Univac Dental Co. v. Dentsply Int'l, Inc.</u>, 702 F.Supp.2d 465, 468 (M.D. Pa. 2010).

In this case, discovery is not yet complete, and the defendants have not yet sought summary judgment. Therefore, we cannot determine whether a motion for summary judgment on behalf of either party is appropriate. Accordingly, given the posture of the case we are not able to wholly foreclose any party from filing a summary judgment motion prior to the close of discovery.

So ordered this  21st day of October 2022.

<u>S/ Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge
